## El Banco Territorial y Agrícola v. Puig.

### Apelación procedente de la Corte de Distrito de Arecibo.

No. 29.—Resuelto en febrero 11, 1904.

Desahucio—Quién Puede Ejercitar la Acción y Contra Quién Puede Establecerse.—La acción de desahucio procede en favor del dueño de una cosa para obtener que sea privado del uso de ella quien la disfrute indebidamente (*) y dicha acción puede establecerse contra los inquilinos, colonos y demás arrendatarios de la finca.

Hipoteca—Adjudicación en Pago de la Misma—Cancelación de Gravámenes Posteriores—Arrendamientos.—Hecha la adjudicación de una finca en pago de un crédito hipotecario, e inscrita dicha adjudicación en el registro, deberán cancelarse todos los gravámenes posteriores y con ellos los arrendamientos que de la misma finca hubiere hecho el anterior propietario.

Comprador—Sus Derechos en Relación con el Arrendamiento de la Finca Comprada.—Según el artículo 1454 del Código Civil, el comprador de una finca, ya lo sea por contrato de compraventa, o ya por adjudicación judicial, tiene derecho a exigir que terminen los arrendamientos existentes sobre la misma, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.

Hipoteca—Accesiones y Mejoras no Hipotecadas.—Aunque el artículo 113 de la Ley Hipotecaria dispone que el dueño de las accesiones o mejoras que no se hubieren hipotecado junto con una finca que pasase por adjudicación o venta a otras manos, tendrá derecho a ser indemnizado de tales accesiones o mejoras; esto no debe entenderse en el sentido de poder impedir que el nuevo propietario o adquirente de la finca ejercite cuantos derechos se deriven del dominio que sobre la misma tiene.

Desahucio—Colonia Agrícola—Exención de Contribuciones.—El hecho de que una finca esté considerada como Colonia Agrícola, de acuerdo con la ley de Colonias Agrícolas, no es obstáculo alguno que pueda oponerse al ejercicio de una acción de desahucio, pues los efectos de tal ley se refieren únicamente a la exención del pago de contribuciones, pero en modo alguno pueden impedir que la finca pudiera pasar por cualquier título a manos de un tercero.

SENTENCIAS—DEMANDADOS EN REBELDÍA.—La sentencia que se dicte en relación con los demandados que hubieren comparecido en el pleito, deberá hacerse extensiva a aquellos demandados que hubieren sido declarados en rebeldía.

ID.—COSTAS.—Las costas deben imponerse al litigante cuyas pretensiones hubieren sido totalmente desestimadas, por lo que no procede imponerlas a los demandados en rebeldía, que por no haber comparecido, no han formulado pretensión alguna en el pleito.

EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte del Distrito de Arecibo, entre partes de la una el Banco Territorial y Agrícola establecido en esta Capital dirigido y representado en esta Superioridad por el Letrado D. Juan de Guzmán Benítez, como apelado, y de la otra, D. Miguel Valentín Puig Enseñat, propietario, a quien representa y dirige el Letrado Don Jacinto Texidor como apelante, sobre desahucio; habiendo sido declarados rebeldes los otros dos demandados D. Lorenzo Joy y D. Calixto Arocho, quienes tampoco comparecieron en esta Superioridad, sustanciándose la apelación respecto a (*) ellos con los estrados del tribunal, autos pendientes ante nos en virtud de recurso de casación, hoy de apelación, interpuesto por D. Miguel Valentín Puig Enseñat contra la sentencia pronunciada que copiada a la letra dice así:

"*Sentencia.* No. 5. En Arecibo a 9 de febrero de 1903. Visto en juicio oral y público ante esta corte de distrito el juicio de desahucio promovido por el Banco Territorial y Agrícola de San Juan, representado y dirigido por el Letrado D. Juan de Guzmán Benítez, contra D. Francisco Castañer, D. Calixto Arocho y D. Lorenzo Joy, propietarios y vecinos de Ciales, por su propio derecho y como representantes de D. Valentín Puig Enseñat, dirigido el primero por el Letrado D. Elpidio de los Santos Laguardia y los otros dos en rebeldía.

"1. *Resultando:* que con fecha 23 de septiembre último, el Letrado D. Juan de Guzmán Benítez a voz y nombre del Banco Territorial y Agrícola de San Juan presentó demanda ante este tribunal contra Don Francisco Castañer, D. Calixto Arocho y D. Lorenzo Joy, por sí y como representantes de D. Valentín Puig y Enseñat expo-

niendo: que por escritura pública otorgada en 18 de enero de 1896 ante el Notario D. Mauricio Guerra, D. Lorenzo Joÿ y Colón hipotecó al banco la hacienda de café denominada 'Honradez' que era de su propiedad, y que en dicha escritura se describe así: 'Rústica, hacienda de café denominada "Honradez," sita en la jurisdicción de Ciales y en el barrio de Cialitos de aquel término por el cual atraviesa el río llamado Cialitos, corriendo de la parte sudoeste a la norte noroeste, siendo la medida superficial de dicha finca 648 cuerdas 66 céntimos, equivalentes a 254 hectáres, 94 áreas, 90 centiáreas de terreno, de las que 400 cuerdas están sembradas de café y plátanos, 20 de pastos, malojillo y cañas dulces y el resto de pastos naturales, montes y malezas, conteniendo dicha finca los edificios siguientes: una casa de dos pisos, construída de maderas del país y techada de hierro galvanizado, cuyos altos sirven de habitación al dueño y su familia y los bajos están destinados a almacén; otra casa, también de dos pisos, construída de madera y mampostería de 17 metros de frente y 20 de fondo, de 4 plantas en la actualidad y con techo de hierro galvanizado, en donde está instalada la maquinaria para la manipulación del café o sean los aparatos siguientes: maquinaria de (\*) despulpar, gran modelo; lavador mecánico de rotación vertical; centrífuga de enjugar; secadora mecánica de aire calentado, sistema Guardiola No. 2; tahona de lustrar y pilar café de masas circulares y 25 rotaciones por minuto; venteadoras y limpiadoras mecánicas; clasificadoras de café en cinco grupos; tren de dragas combinadas para la elevación y arrastre del fruto a los diferentes aparatos; y una gran rueda hidráulica que mueve toda esa maquinaria, de 5 metros de diámetro por 90 centimetros entre gualderas, utilizando para su movimiento 125 litros de agua por minuto, los cuales toma del río Cialitos dentro de la misma propiedad y conducidos por un canal de mampostería hidráulica; otra casa de madera, techada de hierro galvanizado, de dos plantas, sirviendo la segunda o planta alta para habitaciones de mayordomos y dependientes, y el piso bajo para depósitos de provisiones y otros efectos; otra casa de dos pisos de madera, techada de zinc, destinados los bajos a cuadra con pesebre y el alto a almacenes y alojamiento para los peones que están al servicio de los establecimientos; otra casa de una sola planta, de madera y zinc, conteniendo en su interior un horno para cocer pan y demás útiles de panadería para el consumo de la finca; existiendo, además, en diferentes puntos 39 casas rústicas para habitaciones de jornaleros; tres cuarteles de madera, techados de zinc, capaces para vivienda de 10 jornaleros cada uno; la carnicería, situada

en la plaza de la finca; y el matadero a orillas del río Cialitos; lindando la referida finca, al este con tierras de Don José Ramón Figueroa Lebrón, Raimundo de la Cruz, Sucesión de Luisa de la Cruz, Alejo Aponte, el propio otorgante Don Lorenzo Joy y José García; por el norte, con las tierras de dicho García y Joy y las que aportaron Joy y Mayol a la sociedad Agrícola Alberty y Compañía, por el oeste, con la dicha sociedad Alberty y Compañía, Don Federico Monge, antes M. Frau y Hermanos y Don Eugenio Fernández y por el sud, con los terrenos de Don Jaime Colón y los de los mencionados M. Frau Hermanos, hoy D. Federico Monge, cuya hipoteca fué inscrita al folio 248 vuelto del tomo 9 del Ayuntamiento de Ciales, finca 212 triplicado, inscripción 29 del Registro de Arecibo; que por otra escritura pública otorgada en 22 de julio de 1899 ante el notario de Manatí, Don José Félix Lajara, el mismo Don Lorenzo Joy y Colón y Don Miguel Valentín Puig, representado este último por Don Ramón Ríos Serpa como apoderado, por la sustitución de mandato que en él hizo el mismo Don Lorenzo Joy y Colón, convinieron (*) en un contrato de arrendamiento de casas de la hacienda 'Honradez', siendo las casas arrendadas las siguientes: una casa de dos pisos, construída de maderas del país, cubierta de hierro galvanizado, destinados los altos a habitación de familia y los bajos a almacenes; otra casa de dos pisos, de madera, techo de zinc, destinados los bajos a cuadra con pesebre y el alto a almacén y alojamiento para los peones que están al servicio de los establecimientos, con un glacis; otra casa con una sola planta, de madera, techada de zinc, conteniendo en su interior un horno para cocer pan y demás útiles de panadería, para el consumo de la finca; y otra casa de madera y los bajos de mampostería, de 17 metros de frente por 24 de fondo, con techo de hierro galvanizado, en donde está instalada la maquinaria para la manipulación del café, contiguo los glacis para el secado de dicho fruto, con los aparatos descritos anteriormente, cuyos edificios están enclavados en la hacienda 'Honradez,' hoy Colonia Agrícola; y cuyo arrendamiento de casa aparece hecho por ocho años que habían de terminar el 22 de julio de 1907, pagando Puig a Joy 200 pesos por cada anualidad y concediendo el último al primero los beneficios que dice tener otorgados por el Gobierno a título de Colonia Agrícola que manifestaba ser la hacienda 'Honradez,' inscribiéndose el contrato de arrendamiento en el Registro de la Propiedad de Arecibo al folio 240 del tomo 2 de Ciales, finca 212 sextuplicado, inscripción 39; que por falta de pago en la forma convenida en la escritura hipo-

tecaria a que se refiere el hecho primero, hubo el banco de seguir un juicio ejecutivo sumarísimo contra la hacienda 'Honradez,' que fué adjudicada al banco ejecutante, por auto dictado por esta corte en 12 de octubre de 1901, inscribiéndose al folio 246 del tomo 20 de Ciales, finca No. 212 sextuplicado, inscripción 42 cancelándose, además, todos los gravámenes posteriores al del banco, incluso dicho arrendamiento, cual resulta de la inscripción 43 de la misma finca, obrante al folio 247 del mencionado tomo 20 de Ciales; que en 8 de noviembre de 1901 se dió por el Juzgado Municipal de Ciales posesión al banco de la finca, en cumplimiento de lo dispuesto por esta corte, y ya en ese acto el señor Joy, celoso defensor de los intereses de Puig, protestó por los derechos que decía tener el último sobre las fincas cultivadas en la hacienda 'Honradez'; que cuando Don Lorenzo Joy hipotecó la finca 'Honradez' al banco, no tenía ella más gravámenes preferentes, que una hipoteca a favor de Don Pedro A. Mayol, que ha sido satisfecha y cancelada; todos los demás contratos (*) que después de inscrita la hipoteca del banco haya podido celebrar Joy con Puig y con cualquiera otra persona, sean o nó inscritos en el registro, se han realizado a espaldas del banco, que para nada ha intervenido en ellos; y que han transcurrido más de 30 días desde el requerimiento de los demandados sin que hayan desocupado la finca que ocupan como representantes de Puig en concepto de arrendatarios que eran y por su derecho propio, en precario, sin pagar merced alguna.

"2. *Resultando:* que como fundamento de derecho adujo el actor las prescripciones del Código Civil y la Ley Hipotecaria, sobre el derecho de dominio, y los artículos de la Ley de Enjuiciamiento Civil acerca de los casos en que procede el desahucio de una finca rústica, y terminó suplicando el desahucio de los demandados.

"3. *Resultando:* que celebrada la comparecencia verbal que la ley previene, con citación de todas las partes a fin de que los demandados tuvieran conocimiento de la demanda contra ellos interpuesta, comparecieron ante este tribunal el representante del banco como demandante, y los Srs. Don Francisco Castañer, Don Lorenzo Joy y Don Calixto Arocho, por su propio derecho como apoderados de Don Miguel Valentín Puig Enseñat, oponiéndose todos ellos a los hechos de la demanda, por lo que se les confirió traslado que evacuó solo el Sr. Castañer con la dirección del Letrado Don Elpidio de los Santos Laguardia, exponiendo: que antes del año 99, o sea en el 97, el Sr. Puig había arrendado al Sr. Joy varias casas de la finca

erigida en Colonia Agrícola, en la cual venía fincando y fabricando el Sr. Puig, por cesión que el mismo Sr. Joy le hizo de sus derechos de Colonia Agrícola que le concedió el Gobierno Español, de cuyas fábricas no ha tomado ni ha podido tomar posesión el Banco Territorial, por cuyo motivo carecía de derecho éste para hacer requerimiento alguno de desalojo, pues ese requerimiento se da cuando existe precario y en el caso de autos no existía.

"4. *Resultando:* que alegó como fundamentos de derecho las disposiciones del Código Civil referentes al dominio y a la posesión de los inmuebles, la Ley de Colonias Agrícolas, y la Hipotecaria en cuanto sólo permite incoar procedimientos sumarísimos, cuando se trata de bienes especialmente hipotecados; y concluyó suplicando se declarara sin lugar la demanda, toda vez que las casas arrendadas por Joy a Puig Enseñat, no habían sido comprendidas en la hipoteca. (*)

"5. *Resultando:* que no habiéndose evacuado el traslado que se les confirió de la demanda, por los Srs. Don Lorenzo Joy y Don Calixto Arocho, fueron declarados en rebeldía a instancia del actor siguiéndose el pleito sin más citarles.

"6. *Resultando:* que el actor propuso como prueba la confesión judicial de Don Francisco Castañer, quien contestó en él juicio oral a las preguntas que le formuló aquél, así como Don Lorenzo Joy que compareció como testigo, consignándose en acta sus declaraciones, en que reconoció como suyas dos cartas privadas en que daba cuenta al banco de los deterioros causados en su finca 'Honradez' por el ciclón de agosto de 1899, y como documental propuso también y fueron agregadas a los autos, certificación del auto de adjudicación de la hacienda 'Honradez' al Banco Territorial en 12 de octubre de 1901, inscrito en el Registro de la Propiedad de Arecibo, y con la nota de haberse cancelado todos los gravámenes posteriores a la hipoteca del banco; certificación del Registro de la Propiedad de Arecibo expresiva de que al inscribirse el contrato de hipoteca de Joy con el banco y por virtud del cual fué adjudicada a éste la finca 'Honradez,' según escritura notarial de 18 de enero de 1896, no existía más gravamen preferente al del banco, que la hipoteca a favor de Don Pedro A. Mayol, de Ponce, que fué después cancelada; certificación del registro de la inscripción hecha en la misma hacienda 'Honradez,' del contrato de arrendamiento de casas, celebrado en 22 de julio de 1899 ante el notario de Vega Baja, entre Don Lorenzo Joy y Don Miguel Valentín Puig Enseñat, cuya inscripción fué cancelada;

certificación del secretario de esta corte de distrito creditiva de que cuando se hizo el requerimiento de pago en el juicio sumarísimo seguido por el banco contra Joy, se notificó por edictos al Sr. Puig, ausente en España, como interesado en responsabilidades posteriores a la del banco; certificación de la diligencia de posesión de la finca 'Honradez' dada al banco: interdicto de retener interpuesto por Don Miguel Valentín Puig contra el banco, ante esta corte, que fué, declarado sin lugar con las costas a Puig, y que es firme; certificación del Comisionado del Interior, expresiva de que en el expediente de declaración de Colonia Agrícola hecha por el Gobierno Español a Don Lorenzo Joy como dueño de la finca 'Honradez,' esa declaración sólo se contrae a los beneficios de los artículos 8 y 9 de la Ley de Colonias Agrícolas y cuya declaración no es firme porque el Ayuntamiento de Ciales interpuso recurso de nulidad contra ella y el recurso fué admitido cuando sobreviniendo (*) el cambio de dominación en esta Isla, quedó en suspenso la tramitación del recurso de nulidad interpuesto.

"7. *Resultando:* que el demandado Don Francisco Castañer y en su nombre el Letrado Don Elpidio de los Santos Laguardia, propuso y fué practicada la escritura de arrendamiento otorgada por Don Lorenzo Joy a favor de Don Miguel Valentín Puig en 22 de julio de 1899 ante el notario de Vega Baja, Don José Félix Lajara, y la de confirmación del mismo arrendamiento otorgada por las mismas personas ante el mismo notario, en 27 de noviembre de 1897; el acta notarial de 15 de marzo de 1900, referente al dominio de la Colonia Agrícola 'Honradez' y arrendamiento que de la misma hizo Joy a Don Miguel Valentín Puig, y al hecho de las reedificaciones y construcciones hechas por Puig, cuyo documento se inscribió en el registro en 22 de marzo de 1900; documento relativo a la construcción de una casa para cuartel de la Guardia Civil dentro de la finca 'Honradez' y venta de dicha casa por Puig a Joy; certificación del secretario del Ayuntamiento de Ciales relativa al reparto de contribuciones Territoriales para el Tesoro Insular, y a que desde el año económico 1897–98 había empezado a señalarse con la denominación de Colonia, a 424 cuerdas que constituían entonces aquélla, radicada en el barrio de Cialitos y cuya asignación especial se le había hecho en virtud de los privilegios concedidos al Sr. Joy por el Gobierno Español y ratificados por el Gobierno Militar americano; y certificación del secretario del Ayuntamiento de Ciales sobre rebaja de contribuciones por consideración de ser la finca 'Honradez' Colonia

Agrícola, cuya Real Orden de concesión se insertaba en dicha certificación.

"8. *Resultando:* que celebrado el juicio oral con asistencia del abogado representante del Banco Territorial y con la del abogado de Don Francisco Castañer, se votó esta sentencia por unanimidad, habiéndose observado en el pleito las prescripciones de ley. Siendo Ponente el juez presidente del tribunal Don Felipe Cuchí y Arnau.

"1. *Considerando:* que la acción de desahucio es la que compete al dueño de una cosa para obtener que sea privado del uso de ella, quien indebidamente la disfruta, y puede exigirse, según el número 1 del artículo 1562 de la Ley de Enjuiciamiento Civil contra los inquilinos, colonos y demás arrendatarios cuando se trata de una finca.

"2. *Considerando:* que el título de propiedad o de dominio de la hacienda 'Honradez' que el actor ostenta para entablar el presente litigio contra los demandados, es un auto de adjudicación de la expresada (*) finca a favor del Banco Territorial y Agrícola de San Juan que lleva fecha 12 de octubre de 1901, y fué dictado por esta corte de distrito en el juicio hipotecario seguido contra Don Lorenzo Joy, e inscrito en el Registro de la Propiedad de Arecibo.

"3. *Considerando:* que con la inscripción de dicho auto de adjudicación en el registro de la propiedad quedaron cancelados todos los gravámenes posteriores a la fecha de la referida adjudicación, conforme a lo dispuesto en el párrafo 2 del artículo 125 de la Ley Hipotecaria.

"4. *Considerando:* que entre los gravámenes cancelados, por ser posteriores a la hipoteca del banco, figuran los arrendamientos de casas de la finca 'Honradez' hechos por Don Lorenzo Joy a favor de Don Miguel Valentín Puig y Enseñat según aparece del Registro de la Propiedad de Arecibo, siendo infundada, por tanto, la alegación hecha por Puig acerca de su derecho a continuar viviendo la finca, basado en sus contratos de arrendamiento con el anterior dueño de ella, Don Lorenzo Joy, a pesar de la adjudicación hecha al banco, toda vez que las inscripciones de dichos contratos de arrendamiento fueron canceladas.

"5. *Considerando:* a mayor abundamiento, que el artículo 1571 del Código Civil anterior al vigente, y el 1454 del actual, facultan al comprador de una finca, bien sea por contrato de compraventa bien por adjudicación judicial, a exigir que terminen los arrendamientos de ella, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.

"6. *Considerando:* que lo dispuesto en el artículo 113 de la Ley Hipotecaria acerca del que tuviere accesiones o mejoras que no se hubiesen hipotecado junto con la finca que pasare por adjudicación o venta a otras manos, es el derecho a ser indemnizado de ellas por el nuevo propietario, pero en manera alguna, como pretende el Sr. Puig, el expresado derecho se extiende a impedir que el nuevo y legítimo dueño pueda ejercitar las acciones que se derivan de un dominio sobre la finca adjudicada.

"7. *Considerando:* que si el demandado Don Miguel Valentín Puig reedificó y construyó mejoras en la finca 'Honradez' después de haber sido ésta hipotecada al banco, sólo tiene derecho a que por éste se le indemnice, previa tasación, el importe de esas mejoras, pero no puede oponerse a que el banco ejercite su acción dominical de desahucio sobre la finca que se le adjudicó si, como en el caso de (*) autos, ha cumplido previamente con el requisito de avisarle 30 días antes, que es lo que exige la regla 2ª. del artículo 1560 de la Ley de Enjuiciamiento Civil.

"8. *Considerando:* que tampoco tiene eficacia ni valor legal alguno para impedir el desahucio pretendido por el banco, el hecho de que la finca 'Honradez' estuviere considerada desde el año 1895 como Colonia Agrícola con todos los derechos concedidos por la Ley de Colonias Agrícolas, a las fincas que estuviesen consideradas como tales, pues aparte de que tal concesión es indiscutible por lo dudoso, toda vez que el Ayuntamiento de Ciales interpuso un recurso de nulidad, que fué admitido, contra la resolución del Gobierno Español que declaró la concesión, recurso que quedó en suspenso por el cambio de dominación, el contenido de la repetida concesión se limita a los beneficios de los artículos 8 y 9 de la Ley de Colonias Agrícolas, los cuales artículos se refieren únicamente a exención de contribuciones por un lapso de tiempo más o menos largo, pero en modo alguno a impedir que la finca pudiese pasar por cualquier título a manos de un tercero.

"9. *Considerando:* que si el Banco Territorial posee un título legítimo de propiedad sobre la hacienda 'Honradez,' el arrendamiento de parte de la misma, hecho por el antiguo dueño, Don Lorenzo Joy a Don Miguel Valentín Puig, ha cesado, los beneficios de Colonia Agrícola que ostentaba la referida hacienda son independientes de la acción ejercitada en este pleito, y los colonos o habitantes de aquélla fueron avisados con anticipación para el desalojo, es evidente que procede declarar con lugar la demanda interpuesta.

"10. *Considerando:* que al no haber formalizado su oposición en estos autos los demandados Joy y Arocho, por la cual fueron declarados en rebeldía, dejando por completo desamparada su representación en el pleito, debe hacerse extensiva a ellos la misma resolución que se dicte en cuanto al otro demandado Puig.

"11. *Considerando:* que conforme a la regla 63 de la Orden General, No. 118 de 1899, debe ser condenado en costas el litigante cuyas pretensiones hubiesen sido totalmente desestimadas, y habiendo formalizado pretensiones únicamente Don Francisco Castañer como apoderado de Don Miguel Valentín Puig y Enseñat, que reside en España, pretensiones que se desestiman en este pleito, a él solamente deben imponerse las costas.

"Vistos los artículos 348 y 1571 del Código Civil; 110, 112 y 113 de la Ley Hipotecaria y sus concordantes del Reglamento; 371, 1559,(*) 1560, 1561 y 1587 de la Ley de Enjuiciamiento Civil y Orden General, No. 118 de 1899.

"*Fallamos:* que debemos declarar y declaramos con lugar la demanda de desahucio interpuesta por el Banco Territorial y Agrícola de San Juan contra Don Lorenzo Joy, Don Calixto Arocho y Don Francisco Castañer por sí y como apoderados de D. Miguel Valentín Puig y Enseñat, a quienes condenamos a desalojar dentro del término de 20 días la hacienda 'Honradez,' sita en el barrio de Cialitos, jurisdicción de Ciales; apercibidos de ser lanzados si no la desalojan en el término señalado de 20 días, con las costas a Don Miguel Valentín Puig y Enseñat.  Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Otto Schoenrich y Enrique González Darder.''

*Resultando:* que contra la anterior sentencia interpuso Don Miguel Valentín Puig y Enseñat recurso de casación por infracción de ley y elevados los autos a esta Corte Suprema se sustanció el recurso como de apelación, cumpliendo con la Ley de la Asamblea Legislativa de doce de marzo último, señalándose día para la vista, en la que el letrado de la parte apelante y el de la apelada, alegaron cuanto estimaron conveniente a la defensa de sus respectivas pretensiones.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia recurrida.

Vistas las disposiciones legales que en la misma se citan, la Ley de la Asamblea Legislativa de 12 de marzo último y el artículo 872 de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos confirmar y confirmamos la sentencia que dictó la corte de Arecibo en nueve de febrero del año próximo pasado y que declaró con lugar la demanda de desahucio deducida por el Banco Territorial y Agrícola contra Don Lorenzo Joy, Don Calixto Arocho y Don Francisco Castañer por sí y como apoderados de Don Miguel Valentín (*) Puig con los demás pronunciamientos del caso e imponemos las costas de esta superioridad al apelante don Miguel Valentín Puig y Enseñat; y devuélvanse los autos a la Corte del Distrito de Arecibo con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.